GEORGE E. HARROP *et al. vs.* ALLEN TILLINGHAST *et al.*

NOVEMBER 19, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.  This is an action of trespass and ejectment to recover possession of certain premises in the city of Warwick.  The plaintiffs are the heirs at law of Martha Tillinghast and the defendants are devisees under the will of Alvin Tillinghast, Martha's husband.

The case was tried on June 5, 1936, before a justice of the superior court sitting with a jury.  Before the trial began, counsel for the defendants moved for a continuance until a bill of complaint, in which the defendants sought to enjoin the plaintiffs from prosecuting this action, was heard by the court.  The motion was denied and the defendants excepted.  At the conclusion of the testimony both parties moved for a direction of verdict.  The plaintiffs' motion was granted and that of the defendants was denied, the defendants excepting to each of these rulings.  These three exceptions are now before this court.

When Aaron Harrop died in 1886 he left a will devising the real estate in question to his wife, Martha E. Harrop.  By deed dated October 23, 1900, Martha E. Harrop conveyed the property to her daughter Martha Tillinghast, wife of Alvin Tillinghast.  Martha Tillinghast died October 17, 1924, intestate, without issue and possessed of this real estate, leaving her husband, Alvin Tillinghast, surviving her.  On December 26, 1924, he was appointed administrator of her estate and on August 18, 1932, he filed a petition in the probate court of Warwick asking that this real estate be set off to him in fee simple under the provisions of general laws 1923, chapter 367, sec. 4.  A decree to this effect was entered by that court on September 22, 1932.  Alvin Tillinghast died November 15, 1935, and by his will devised this real estate to the defendants.

The defendants' motion for a continuance under the existing conditions was addressed to the discretion of the court. The record before us fails to identify the bill of complaint to which counsel referred in his motion for a continuance, nor does it set out in any way the allegations or substance of that bill. All that the transcript shows is that the defendants "desired a hearing on a restraining order, to restrain the plaintiffs in this law case from bringing this action until the equity case is presented to this (the superior) court." This record does not establish, as required by our well settled rule, that the trial justice clearly abused his discretion when he denied the defendants' motion for a continuance. The exception of the defendants to this action of the court is therefore overruled.

The defendants contend that the trial justice should have directed a verdict in their favor, rather than for the plaintiffs, on the theory that so long as the decree of the probate court of September 22, 1932, remained in force the plaintiffs could not maintain an action of trespass and ejectment. The plaintiffs argue against this contention, claiming that the probate court was without jurisdiction to enter the decree of September 22, 1932, and that upon the death of Alvin Tillinghast the real estate descended to them as heirs at law of Martha Tillinghast. This brings us to the crucial question in the case.

General laws 1923, chap. 367, sec. 4, in so far as pertinent, provides as follows: "Whenever the intestate dies without issue and leaves a husband or wife surviving, the real estate of the intestate shall descend and pass to the husband or wife for his or her natural life. The probate court having jurisdiction of the estate of the intestate . . . may also, in its discretion if there be no issue as aforesaid, upon petition filed within *one year* after the decease, allow and set off to the widow or husband in fee real estate of the decedent situated in this state to an amount not exceeding five thousand dollars in value, over and above all incumbrances, if not required for the payment of the debts of the decedent." (italics

ours) It is under this provision of our statute of descent and distribution that the probate court of Warwick assumed to act when it entered its decree of September 22, 1932.

The probate court is a court of special and limited jurisdiction. It can exercise its jurisdiction only in the manner and to the extent conferred by statute. *People's Savings Bank* v. *Wilcox,* 15 R. I. 258; *Thompson* v. *Clarke,* 46 R. I. 307; *Vennerbeck & Clase Co.* v. *Markham,* 54 R. I. 366. The discretionary power granted to the probate court by said sec. 4 in favor of a surviving husband or wife, under the conditions therein specified, is clearly restricted to cases where the petition for such relief is filed with the probate court within one year after the decease of the other spouse. The legislative intent in thus limiting the jurisdiction of probate courts is to quiet title to the real estate of deceased persons falling within its provisions. On a petition filed during the year fixed by the statute, the probate court has the power to exercise its discretion in the manner specified, but if no petition is filed during that year, it is without jurisdiction to entertain a petition of the kind therein described. A decree that is based upon a petition filed after the expiration of the statutory period is void and not merely voidable. Statutory requirements affecting the title to real estate of deceased persons must be strictly followed. See *Campbell* v. *Metcalf,* 33 R. I. 453; *Campbell* v. *Metcalf,* 43 R. I. 257.

In the case at bar Alvin Tillinghast's wife died October 17, 1924, and a petition under the statute in question was not filed by him until August 18, 1932. The decree of the probate court on this petition was entered September 22, 1932. It is clear to us that in 1932 the probate court was without jurisdiction to entertain any such petition or to enter the decree that it did. Alvin Tillinghast acquired no title in fee in the real estate of his wife Martha Tillinghast by virtue of that decree. It naturally follows that the defendants, as devisees under the will of Alvin Tillinghast, have no legal title to that real estate.

The defendants, however, argue that, even though this be so, they are entitled to possession of the real estate until the decree of the probate court of September 22, 1932 is vacated by direct proceedings contesting its validity. We cannot agree with this contention under the circumstances in this case. It is only in rare cases and for clear cause that a decree of a probate court can be attacked collaterally. General laws 1923, chap. 362, sec. 8, provides that no order or decree of a probate court shall be deemed invalid "for want of proper form, or for want of jurisdiction appearing upon the record, if the probate court had jurisdiction of the subject-matter of such order or decree."

Substantially the same statutory provision was construed by this court in *Angell* v. *Angell,* 14 R. I. 541, and it was there held that a judgment of a probate court was to be upheld as *prima facie* valid even though the record did not show affirmatively, by express allegations or recitals, the existence of the particular jurisdictional facts which are necessary to its validity. In reaching this conclusion, the court, at page 544 of that opinion, says: "We think it fair to assume that the purpose of the statute in this respect was to communicate to the judgments and decrees of our probate courts and town councils the presumptions which attach to the judgments and decrees of courts of superior jurisdiction, in regard to which the common law rule is that, in collateral proceedings, the jurisdiction will be presumed, if it could have existed *unless the contrary appears.*" (italics ours) See also *Hunt* v. *Gorton,* 20 R. I. 163; *Providence County Savings Bank* v. *Hughes,* 26 R. I. 73; *Kenyon* v. *Hart,* 38 R. I. 524.

The law as thus stated is in accordance with the view which we have taken in the instant case. This is not a case where the record merely fails to show in its allegations or recitals the existence of the particular jurisdictional facts necessary to the validity of the decree, but one where the record shows affirmatively and clearly that the court had lost jurisdiction over the subject-matter of the petition years

before it assumed to act. The trial justice was, therefore, justified in treating as void the decree of September 22, 1932. A verdict was properly directed for the plaintiffs. The defendants' exceptions to this action of the court are overruled.

All the defendants' exceptions are overruled and the case is remitted to the superior court for Kent county for further proceedings.

*Patrick H. Quinn, Quinn, Kernan & Quinn, Philip B. Goldberg, Leo M. Goldberg,* for plaintiffs.

*Emile H. Ruch,* for defendants.

